**FILED**

JUL 30 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| JUDY TATUM | § |
| | § |
| | § |
| Plaintiffs, | § |
| | § |
| | § |
| v. | § |
| | § |
| | § |
| BETTER DEBT SOLUTIONS LLC and | § |
| ARSALAN GHANBARI | § |
| | § |
| | § |
| Defendants. | § |
| | § |

6:26-cv-361
Judge Mitchell

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1.     Plaintiff JUDY TATUM ("Tatum") is a natural person, a resident of Smith County, Texas, and was present in Smith County, Texas at all times relevant to this Complaint.

2.     Defendant BETTER DEBT SOLUTIONS LLC ("Better Debt") is a limited liability company organized and existing under the laws of Texas and can be served via its registered agent Nima Asadi, Esq., 19200 Von Karman Ave, Suite 600, Irvine, California 92614.

3.     Defendant ARSALAN GHANBARI ("Ghanbari") is a natural person, resident of California, Chief Executive Officer of Better Debt, and can be served at 7 Rue Villars, Newport Beach, California 92660.

4.     Better Debt and Ghanbari are hereinafter collectively referred to as "Defendants."

### JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Count I under 28 U.S.C. § 1331, because

1

the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.  *See*

*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have

federal question jurisdiction over private actions brought under the TCPA).

6.      The Court has pendent jurisdiction over Texas State claims under 28 U.S.C § 1367.

7.      The Court has specific personal jurisdiction over Defendants because they purposefully

availed themselves of this State and forum when they intentionally sent prerecorded phone calls

to Plaintiff's 903-area number.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1-2) because a substantial part

of the events giving rise to the claims occurred in this District and because the Plaintiff resides in

this District.

9.      This Court has venue over Defendants because Plaintiff brings claims under Chapter 301

of the Texas Business and Commerce Code.

### TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

10.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing

equipment that could target millions of consumers *en masse*.  Congress found that these calls

were not only a nuisance and an invasion of privacy to consumers specifically but were also a

threat to interstate commerce generally.  *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in

1991 U.S.C.C.A.N. 1968, 1969-71.

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency

purposes or made with the prior express consent of the called party) using an automatic

telephone dialing system or an artificial or prerecorded voice … to any telephone number

assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

12.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone

line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes. 47 U.S.C. § 227(b)(1)(B).

13.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

14.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15.    The FCC recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

16.    The FCC requires "prior express consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

17.    *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing*

3

*the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

18.    The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

19.    Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

20.    A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

**TEXAS BUSINESS AND COMMERCE CODE CHAPTER 301**

21.    A telephone solicitor may not make a consumer telephone call to a consumer unless the telephone solicitor, immediately after making contact with the consumer to whom the call is made, identifies himself or herself by name, the business on whose behalf the telephone solicitor is calling, and the purpose of the call. TBCC § 301.051(b)(A-C).

22.    A consumer injured by a violation of this chapter may bring an action for recovery of damages. TBCC § 301.104.

23. A consumer injured by a violation of this chapter may bring an action for recovery of damages. The damages awarded may not be less than the amount the consumer paid the person who sold the consumer goods or services through the use of the telephone solicitor, plus reasonable attorney's fees and court costs.

24. Venue for an action brought under this chapter is in the county in which the consumer telephone call was received. TBCC § 301.105(2).

## TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302

25. A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. Tex. Bus. Com. Code § 302.101.

26. A person commits an offense if the person knowingly acts as a salesperson on behalf of a seller who violates the registration requirements of this chapter. Tex. Bus. Com. Code § 302.252(a).

27. "Telephone call" has the meaning assigned by Section 304.002. Tex. Bus. Com. Code § 302.001(6-a).

28. "'Telephone solicitation' means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." Tex. Bus. & Com. Code § 302.001(7).

29. "Telephone solicitation" "includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." *Id.*

30. An "item" is defined as a property or service." Tex. Bus. & Com. Code § 302.001(1).

31. "A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation." Tex. Bus. & Com. Code § 302.002.

32.    A "seller" is defined as "A person who makes a telephone solicitation on the person's on behalf." Tex. Bus. & Com. Code §302.001(5).

33.    A "salesperson" is defined as "A person who is employed or authorized by a seller to make a telephone solicitation." Tex. Bus. & Com. Code §302.001(4).

34.    A seller may not make a telephone solicitation from a location in this state or to a purchaser located in in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. Tex. Bus. & Com. Code § 302.101(a).

35.    When a telephone solicitation is made and before consummation of any sales transaction, a seller shall provide to each purchaser the complete street address of the location from which the salesperson is calling the purchaser, and if different, the complete street address of the seller's principal location. Tex. Bus. & Com. Code § 302.202(1).

36.    Federal common law principles of agency apply to TBCC violations…and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller. *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-cv-235, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *see also Callier v. Tip Top Cap. Inc.*, No. EP-23-cv-437, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024) (holding that a seller violates § 302.101 when a telemarketer makes calls on behalf of a seller who does not hold a registration certificate); *Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-401, 2023 WL 9199001, at *6 (E.D. Tex. Dec. 27, 2023) (same); *Salaiz v. Beyond Fin., LLC*, No. EP-23-cv-6, 2023 WL 6053742, at *5 (W.D. Tex. Sept. 18, 2023) (refusing to dismiss a § 302.101 claim because "Plaintiff has plausibly alleged that Defendant effected or attempted to effect the thirteen calls Plaintiff received by hiring telemarketers to make those calls.").

37.     The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney's fees.

38.     Texas Business and Commerce Code § 302.101 provides a private right of action.  A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

39.     The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

## FACTUAL ALLEGATIONS

40.     Plaintiff did not have a preexisting business relationship with Defendants.

41.     Plaintiff did not request Defendants' services.

42.     Defendants offer debt relief services.

43.     Every call in this Complaint is a solicitation of legal services for debt relief.

44.     On March 1, 2025, Plaintiff received a prerecorded phone call to her personal cell phone ending in 3316.

45.     The phone call resulted in a prerecorded message voicemail being deposited to Plaintiff's cell phone.

46.     The voicemail solicited a loan "with rates starting as low as six points" or a "line of credit."

47.     Through information and belief, the phone call was prerecorded because the voice was robotic and non-human sounding, asked Plaintiff to press nine (9), and asked Plaintiff to call

back phone number 844-362-5893.

48.     On June 2, 2025, Plaintiff called back phone number 844-362-5893 as instructed in the prerecorded voicemail.

49.     Plaintiff was connected to a representative who identified himself as Leo Reynoso ("Reynoso"), an employee of Better Debt.

50.     Reynoso asked Plaintiff questions about her income, debts, job status, etc., before soliciting Plaintiff for debt relief services.

51.     On June 2, 2025, Reynoso then sent Plaintiff an email from the email address lreynoso@betterddebtsolutions.com that contained links to the Better Debt website and links to reviews of Better Debt.

52.     Defendants did not disclose the location from which the phone calls had been made during the telephone solicitation.

53.     Defendants' prerecorded voicemail did not properly state the name of the company making the phone calls and on whose behalf the phone calls had been made.

54.     Defendants did not have permission to send Plaintiff prerecorded voice messages.

55.     No emergency preceded or necessitated the phone calls at issue in this instant action.

56.     Defendants made the phone call alleged herein for the purpose of soliciting debt relief services for financial profit.

57.     On July 22, 2025, Plaintiff searched the Texas Secretary of State website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and found no telephone solicitation registration for Defendants.

58.     Defendants have never been registered to telephone solicit in Texas.

59.     The phone call Plaintiff made in response to the voicemail sent to Plaintiff on June 2,

2026, was a solicitation phone call by Defendants. Tex. Bus. & Com. Code § 302.001(7).

60.     Better Debt has been the subject of multiple lawsuits alleging violations of the TCPA for making prerecorded phone calls.

61.     Better Debt has been the subject of multiple lawsuits and complaints for making unregistered phone calls to Texas residents.

62.     Better Debt has been on notice for years of prerecorded phone calls being made in violation of the TCPA.

63.     Better Debt has been on notice for years of the requirement to register for telephone solicitation in Texas.

64.     Each of the phone calls alleged herein was made without a valid Texas telephone registration certificate.

**PERSONAL LIABILITY OF GHANBARI**

65.     If the officer directly participated in or authorized the statutory violation, even though acting on behalf of the corporation, he may be personally liable.  See *United States v Pollution Serv. Of Oswego, Inc.*, 763 F.2d 133, 134-135 (2nd Cir.1985).

66.     The "well-settled" tort rule provides that "when corporate officers directly participate in or authorize the commission of a wrongful act, even if the act is done on behalf of the corporation, they may be personally liable." *General Motors Acceptance Corp. v. Bates*, 954 F.2d 1081, 1085 (5th Cir. 1992).  The Fifth Circuit has elaborated that "the thrust of the general [tort] rule is that the officer to be held personally liable must have some direct, personal participation in the tort, as where the defendant was the 'guiding spirit' behind the wrongful conduct…. or the 'central figure' in the challenged corporate activity." *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174 (5th Cir. 1985) (Citing *Escude Cruz v. Ortho Pharmaceutical Corp.*,

9

619 F. 2d 902, 907 (1ˢᵗ Cir.1980)) (Citing *Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001).

67. Ghanbari personally participated in the actions alleged herein.

68. Ghanbari ordered Better Debt employees to make phone calls utilizing prerecorded messages.

69. Ghanbari purchased the equipment used to record and disseminate the prerecorded messages, trained Better Debt Solutions on the use of the equipment, and ordered that the equipment be used to send prerecorded messages as part of the Better Debt marketing campaign.

70. Ghanbari participated in the writing of the prerecorded message sent to Plaintiff.

71. Ghanbari approved of the script of the prerecorded message sent to Plaintiff.

72. Ghanbari has turned a blind eye to the TCPA and TBCC violations in search of riches.

73. Ghanbari has refused to make Better Debt comply with the TCPA.

74. Ghanbari has refused to register Better Debt for telephone solicitation in Texas despite having been on notice for years and having every opportunity to bring Better Debt into compliance.

75. At all times material to the Complaint, Ghanbari has formulated, directed, controlled, and had the authority to control, and participated in the acts and practices set forth in this Complaint.

76. Ghanbari is a senior officer and decision maker of Better Debt and directed his employees, agents, salespersons, and solicitors to make TCPA and TBCC-violating phone calls to solicit debt reduction services.

77. Ghanbari has turned a blind eye to the violations because it benefits him financially.

78. Ghanbari is not an innocent bystander, but the mastermind that schemed, planned, directed, initiated, and controlled fraudulent behavior of Better Debt.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES OF PLAINTIFF

79.    Plaintiff suffered severe stress and aggravation as a result of the phone call.

80.    Plaintiff had her phone trespassed upon.

81.    Plaintiff suffered from confusion and aggravation as a result of Defendants not properly identifying themselves.

## CAUSES OF ACTION

### COUNT ONE

**Non-Emergency Prerecorded Call to Cellular Telephones, 47 U.S.C. 227(b)(1)(A)(iii)**
**(Against All Defendants)**

82.    Plaintiffs reallege and incorporate by reference every allegation set forth in paragraphs 1-81.

83.    The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making non-emergency telemarketing ATDS texts to Plaintiff's cellular telephone numbers without her prior express consent.

84.    Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C § 227(b)(3)(B) by Defendants by the telephone calls described above, in the amount of $500.00 per call.

85.    Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damages amount as permitted under U.S.C. § 227(b)(3)(C) for this willful or knowing violation.

### COUNT TWO
**Violations of Texas Business and Commerce Code 302.101**
**(Failure to Obtain a Telephone Solicitation Registration Certificate)**
**(Against all Defendants)**

11

86.     Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-85.

87.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making two (2) non-registered solicitation calls to Plaintiff's cellular telephone number without her prior express consent.

88.     Plaintiff is entitled to an award of up to $5,000 in damages for each of two (2) such violations. Texas Business and Commerce Code 302.302(a).

89.     Plaintiff is entitled to an award of all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Texas Business and Commerce Code 302.302(d).

**COUNT THREE**
**Violations of Texas Business and Commerce Code 302.202(1)**
**(Failure to Disclose Location)**
**(Against All Defendants)**

90.     Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-89.

91.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.202, by making two (2) non-registered solicitation calls to Plaintiff's cellular telephone number without disclosing the address from where the solicitation phone calls had been placed.

92.     Plaintiff is entitled to an award of up to $5,000 in damages for each of two (2) such violations. Texas Business and Commerce Code 302.302(a).

**COUNT FOUR**
**Violations of Texas Business and Commerce Code § 301.051(b)(1)(A-C)**
**Failure to Identify**

**(Against All Defendants)**

93.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-92.

94.    Defendants did not, immediately after making contact with the consumer to whom the call is made, identify themselves by name, the business on whose behalf the telephone solicitor is calling, and the purpose of the call. TBCC § 301.051(b)(A-C).

95.    Plaintiff was damaged at least one (1) time by Defendants.

96.    A consumer injured by the chapter may bring an action for recovery of damages. The damages may not be less than the amount the consumer paid the person who sold the consumer goods or services through the use of the telephone solicitor. Tex. Bus. Com. Code § 301.104.

97.    Plaintiffs seek damages in the amount of 1,000 per violating phone call

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Judy Tatum prays for judgment against the Defendants jointly and severally as follows:

A.    A declaratory judgment that Defendants violated the Telephone Consumer Protection Act;

B.    A declaratory judgment that Defendants violated the Texas Business and Commerce Code;

C.    An award of $1,500 per phone call against Defendants in statutory damages arising from one (1) violation of 47 U.S.C. 227(b).

D.    An award of $5,000 per phone call in statutory damages arising from violations of the Texas Business and Commerce Code 302.101 for two (2) calls;

13

E.     An award of $5,000 against Defendants per phone call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 302.202 for two (2) calls.

F.     An award of $1,000 per phone call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 301.051(b)(2) for one (1) phone call.

G.     Such further relief as the Court deems necessary, just, and proper

July 27, 2026,                                    Respectfully submitted,

                                                 _____
                                                 Judy Tatum
                                                 Plaintiff, Pro Se
                                                 471 Utah Avenue
                                                 Tyler, TX 75704
                                                 903-245-3316
                                                 judybankhead210@gmail.com

14